**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARISS FINAN, *et al.*, <br>          Plaintiffs, <br>      v. <br> LAFARGE S.A., *et al.*, <br>          Defendants. | Case No. 22-cv-07831-NGG-PK |
| SUSAN SHIRLEY, et al., <br>          Plaintiffs, <br>      v. <br> LAFARGE S.A., et al., <br>          Defendants. | Case No. 25-cv-04248-NGG-PK |
| NADIA MURAD, et al., <br>          Plaintiffs, <br>      v. <br> LAFARGE S.A., et al., <br>          Defendants. | Case No. 23-cv-09186-NGG-PK |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISQUALIFY WILLKIE FARR & GALLAGHER LLP**

Defendants respectfully file this reply to address new representations first raised in Willkie Farr & Gallagher's opposition related to its argument that there is no risk of appeal or collateral attack to these proceedings from their clients, Plaintiffs and Bruno Lafont. Willkie cannot possibly predict whether any of its nearly 1,000 clients will seek to appeal or collaterally attack decisions in these proceedings on the basis of Willkie's conflict and the resulting taint to these proceedings. Nonetheless, Willkie repeatedly asserts—as the centerpiece of its brief—that there is no risk of appellate error or collateral attack because, "[c]rucially," its clients have not affirmatively protested. Opp. 4; *see also* Opp. 1, 2, 5, 9, 12, 13, 15; Ex. B, Wolosky Decl. ¶ 9. But the purported absence of protest is not consent and in any case is irrelevant where, as here, a conflict is so severe as to be incurable by consent. Willkie's argument also rests on two fatal

1

admissions, made for the first time in Willkie's opposition, that (i) it sought consent from its clients only recently, well after the conflict arose, and (ii) only some of its nearly 1,000 clients responded. Opp. 4. Willkie's representations underscore the substantial risk that an appellate court may someday order a do-over of these proceedings. The prejudice against Defendants is manifest, and, contrary to Willkie's suggestion, Defendants would gain no tactical advantage from Willkie's disqualification, as Plaintiffs already are represented by multiple firms.

*First*, Willkie now admits that it failed to notify its nearly 1,000 Plaintiff clients of the conflict when it first arose roughly a year ago and instead waited until "February and early March 2026," Opp. 4, by which time it was too late. Under these circumstances, in which Willkie represents individuals with competing interests, "consent must have been obtained prior to [counsel] undertaking representation of adverse interests, not in response to a motion to disqualify." *Anderson v. Nassau Cnty. Dep't of Corr.*, 376 F. Supp. 2d 294, 299 (E.D.N.Y. 2005). "[T]he attempt to obtain consent after a concurrent conflict is revealed via a motion to disqualify can actually 'support the appearance of impropriety.'" *Empire Tr., LLC v. Cellura*, 2024 WL 4573989, at *5 (S.D.N.Y. Oct. 24, 2024). This is especially true where, as here, Willkie has not shown that it provided its clients with "adequate information about 'the material and reasonably foreseeable ways that the conflict could adversely affect their interests.'" *Id.*

*Second*, Willkie now further admits that, at a minimum, not all of its clients have consented to Willkie's continuing representation, notwithstanding the conflict. Willkie says that "all the responses Willkie has received express a desire for Willkie to remain in the case." Opp. 4; *see also* Opp. 1, 2, 5, 9, 12, 13, 15; Ex. B, Wolosky Decl. ¶ 9. But this raises more questions than it answers. How many of Willkie's nearly 1,000 clients even responded? Of that subset, how does any given response reflect a "desire for Willkie to remain in the case" or, as Willkie

2

also frames it, demonstrate a lack of support for disqualification (Opp. 4)?  Regardless and fatally, even if those responses could be construed as consent from some, Willkie has not obtained consent from all.  In an effort to address that fatal problem, Willkie telegraphs an intention to undercut the interests of its own clients, arguing that "any appellate challenge by them years in the future would almost certainly be waived."  Opp. 13.  Far from curing the conflict, Willkie's waiver argument demonstrates the problem—Willkie has an ongoing interest adverse to its own clients, who may wish to challenge these proceedings on the basis of Willkie's conflict.  Willkie is in no position to provide assurance that its failure to obtain "informed consent, confirmed in writing," N.Y. R. Prof'l Conduct 1.7(b)(4), will deprive a Plaintiff of standing to later challenge these proceedings.

*Third*, Willkie does not say that it ever provided notice to Bruno Lafont that it was accusing him of criminal misconduct in this Court while simultaneously defending him in France, much less that it obtained his informed, written consent to such an incurable conflict.  Rather, Willkie suggests that Defendants spoke to him about it.  *See* Opp. 4-5.  Not so.  Defendants' counsel spoke only to his other (non-Willkie) counsel about the issue.  Willkie says nothing about what, if anything, Willkie or its co-counsel conveyed to Mr. Lafont.  Nor does Willkie say about Mr. Lafont, as it does about some of its Plaintiff clients, that notwithstanding the conflict Mr. Lafont "express[ed] a desire for Willkie to remain in the case."  Opp. 4.  Willkie also does not represent that Mr. Lafont, who may well need to pay compensation to Lafarge for any judgment or settlement Willkie obtains against his former company here, waived any appellate challenge to these proceedings.  Willkie's diametrically opposing representations thus continue to present incurable conflicts that may well give rise to appellate risk.

Respectfully submitted,

/s/ David W. Bowker

| | |
|---|---|
| ALYSON ZUREICK | DAVID W. BOWKER |
| WILMER CUTLER PICKERING | JONATHAN E. PAIKIN |
| HALE AND DORR LLP | ALBINAS PRIZGINTAS (*pro hac vice*) |
| 7 World Trade Center | MICHAELA S. WILKES KLEIN (*pro hac vice*) |
| 250 Greenwich Street | WILMER CUTLER PICKERING |
| New York, NY 10007 | HALE AND DORR LLP |
| (212) 230-8875 (t) | 2100 Pennsylvania Avenue, N.W. |
| (212) 230-8888 (t) | Washington, D.C. 20037 |
| alyson.zureick@wilmerhale.com | (202) 663-6000 (t) |
| | (202) 663-6363 (f) |
| | david.bowker@wilmerhale.com |
| | jonathan.paikin@wilmerhale.com |
| | albinas.prizgintas@wilmerhale.com |

*Attorneys for Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A.*

**CERTIFICATION OF WORD COUNT**

I hereby certify that the word count of this brief complies with the word limits set forth in Local Civil Rule 7.1(c).  According to the word-processing system used to prepare this brief, the total word count for all printed text exclusive of the material omitted under Rule 7.1(c) is 814.

Dated: July 30, 2026                           /s/ David W. Bowker
                                                                    DAVID W. BOWKER


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by ECF.

 Dated: July 30, 2026                          /s/ David W. Bowker
                                                                    DAVID W. BOWKER