# EXHIBIT 1

**From:** Bowker, David <David.Bowker@wilmerhale.com>
**Sent:** Wednesday, August 26, 2026 6:23 PM
**To:** Wolosky, Lee <LWolosky@willkie.com>
**Subject:** RE: Matt Olsen Conflict Questions

***** EXTERNAL EMAIL *****

Hi, Lee,

I can't do today or tomorrow morning, but Jonathan and I have a window later tomorrow from 4-5pm if that might work. We could also find time Friday.

Dave

---

**From:** Wolosky, Lee <LWolosky@willkie.com>
**Sent:** Wednesday, August 26, 2026 12:30 PM
**To:** Bowker, David <David.Bowker@wilmerhale.com>
**Subject:** Re: Matt Olsen Conflict Questions

**EXTERNAL SENDER**

Dave - let me know if you are free later today or tomorrow morning and if so whether one-on-one or with others.

Lee

**Lee Wolosky**
**Willkie Farr & Gallagher LLP**

**New York**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 3098 | Fax: +1 212 728 8111

**Washington**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: + 1 202 303 1198 | Fax: + 1 202 303 2000
LWolosky@willkie.com | vCard | www.willkie.com bio

**From:** Bowker, David <David.Bowker@wilmerhale.com>
**Sent:** Tuesday, 25 August 2026 13:37:49
**To:** Wolosky, Lee <LWolosky@willkie.com>
**Subject:** RE: Matt Olsen Conflict Questions

***** EXTERNAL EMAIL *****

Lee,

I agree that a call may be useful, but I want to respond to several points in your email.

To begin, we have not personally attacked or sought to discredit you or your firm. Our motion raises serious conflict issues presented by Willkie's representation. The fact that we disagree about those issues does not make a professional dispute into a personal one.

There is no equivalence between the issues raised in our motion and the issues you have raised concerning WilmerHale. Willkie is simultaneously advancing positions that Bruno Lafont is both the sponsor of the conduct at issue and innocent of that same conduct. That is a conflict arising from diametrically opposed positions the firm is advocating on behalf of different clients at the same time, with respect to the same events. Neither Mr. Olsen's prior government service nor WilmerHale's brief and limited prior representation of Mr. and Mrs. Foley (who are plaintiffs in another case and whom Wilkie does not represent) is remotely similar.

As a result of Willkie's conflict and conduct, there is a real and continuing risk to the integrity of proceedings, as well as the potential for substantial duplication of effort, if the proceedings are later challenged or required to be redone. The resulting prejudice to our client is concrete. By contrast, your email fails to identify a single one of your clients who has been harmed, prejudiced, or even potentially affected by any of the issues you raise concerning Mr. Olsen's prior government service or the Foley matter, or any resulting harm to the integrity of these proceedings.

Regarding the matter of screening Mr. Olsen, there is no dispute that Mr. Olsen never worked on these matters, never advised the team on these matters, never communicated with the team about these matters, never received confidential information concerning these matters, and never shared confidential information concerning these matters. Nor is the DOJ case the civil litigation matter here. The concerns addressed by screening under New York Rule 1.11 are absent here, and your extended discussion about the timing of a screen misses the point. In any event, Mr. Olsen has recently left WilmerHale, and the voluntary, prophylactic screen erected by the firm is moot.

Importantly, we have now deposed a number of your clients and have additional concerns about Willkie's conflict and its representations to the Court. Willkie told the Court that its clients had been informed of the conflict and raised no objections to it. But we now have sworn testimony establishing that clients were not informed of the conflict. This testimony directly undercuts the factual premise on which Willkie has relied and the representations it made in opposing our motion. It also provides additional grounds supporting disqualification and further confirms why our client will not withdraw the motion.

In any event, the Court is already aware of your arguments concerning the Foley representation. You filed a letter raising those issues, and we responded. There is nothing new in your latest emails that warrants further submissions on that subject. Of course, we will respond to any additional submission you decide to make, including by bringing to the Court's attention the testimony from Willkie's clients regarding the absence of consent.

Please let me know if you would like to discuss any of this and we can set up a call.

Dave

---

**From:** Wolosky, Lee <LWolosky@willkie.com>
**Sent:** Saturday, August 22, 2026 11:40 AM
**To:** Bowker, David <David.Bowker@wilmerhale.com>
**Subject:** Re: Matt Olsen Conflict Questions

**EXTERNAL SENDER**

Dave,

Thanks for your note and I likewise hope you are having an enjoyable summer in the midst of the flurry of depositions and other work on this matter, not to mention others. For the reasons described below, I do think a call would be useful; please let me know if you have some available time on Monday.

Frankly, I was hoping we could be working this summer only to advance the pending litigation in a civil manner and not be trying to attack and discredit each other. But I don't think your email addresses very serious issues involving Mr. Olsen's screening, which we think is clearly required. (To the extent that you are suggesting below that the U.S. criminal case is not substantially related to the U.S. civil cases arising out of the same facts, we do not think that is a credible position). Mr. Olsen joined Wilmer in May 2025, and your July 27 submission reveals for the first time that Wilmer did not screen Mr. Olsen from the Lafarge matter until January 28, 2026—months after Wilmer began engaging with and then representing Lafarge in 2025. Thus, while Wilmer has attempted unsuccessfully to find flaws with Willkie's two ethical walls relating to Mr. Lafont, Wilmer has, at the same time, flouted its own obligation to "timely and effectively" screen the former government official who oversaw the criminal prosecution of Lafarge that led to these civil cases. *See* N.Y. Rule of Professional Conduct 1.11(c). Mr. Olsen undoubtedly held "confidential government information" concerning Lafarge at the time he joined Wilmer in May 2025. Worse yet, your July 27, 2026 submission reveals that Wilmer did not screen Mr. Olsen until after Wilmer first raised potential conflicts issues with Willkie on January 22, 2026.

We think the specific date in 2025 on which Wilmer first acquired Lafarge confidential information could be relevant to Wilmer's ability to withstand a disqualification motion

grounded in its failure to screen Mr. Olsen in a timely manner, as required. Absent the provision of that information, and absent another resolution of our disputes concerning purported conflicts, we will seek to compel a response.

Wilmer's conflict problems and inconsistent positions do not end there. As you know, Wilmer is directly adverse to its former clients, the Foley family, who have not waived that conflict.

Wilmer's July 27 Letter confirms that Wilmer failed to erect an ethical wall between the two matters until last month and that its lawyers have thus been defending its current client, Lafarge, while having full and unrestricted access to its former clients' confidential information. Wilmer tries to downplay the Foley representation by mentioning five times in its July 27 submission that it was a "pro bono" matter. This is irrelevant under N.Y. Rule of Professional Conduct Rule 1.9.

Wilmer's solution to this obvious problem is to interpose conflicts counsel: Wilmer "will not cross-examine Diane and John Foley or any other Foley relatives at deposition or trial" on certain topics and that "conflicts counsel will handle any questioning on those topics." *Shirley*, ECF No. 112-1. But when Willkie likewise proposed using conflict counsel to address the potential examination of Mr. Lafont, Wilmer argued that such an offer was disqualifying. Specifically, Wilmer maintained that it could not "mitigate harm" because the use of other counsel is "exactly the type of material limitation [on counsel's representation of its client] that supports disqualification." *Shirley*, ECF No. 79-1 at 9 ("Willkie cannot avoid the conflict by passing off work to co-counsel"); *see also Shirley,* ECF No. 51-2 at 16 ("This is itself a concession of the conflict").

At the present time at least, the Foleys are not Willkie clients but are rather lead plaintiffs in a related case brought by our co-counsel, Kellogg Hansen and Sparacino. But if Wilmer's standing arguments in relation to Mr. Lafont are to be credited, they should apply equally to Wilmer, which argued: "Willkie's challenge to Lafarge's standing is baseless. Lafarge has standing as a party with a concrete interest in the integrity of these proceedings. Moreover, courts in this Circuit have held that all "parties have standing to seek disqualification of opposing counsel on conflict of interest grounds." Pacheco v. 1454 Diner, 2026 WL 279832, at *3 (E.D.N.Y. Feb. 3, 2026) (collecting cases); Cohen, 2011 WL 1143067, at *4 (granting motion to disqualify brought by non-client); Estates Theatres, Inc., 345 F. Supp. at 98 (granting motion to disqualify brought by non-client and recognizing that "[w]hat is involved is a matter of public interest involving the integrity of the Bar")."

Wilmer's problems are compounded by the fact that it elected not to disclose either of these conflicts to the Court during our March conference or in its papers filed in support of the disqualification of Willkie. Surely Wilmer knew at that time that the lead plaintiff in Foley was its former client. And yet that fact was concealed from the Court and Plaintiffs' counsel until the Foleys themselves were reminded of it while collecting documents for production just last month.

In light of these problems and inconsistencies, we do not think Wilmer's disqualification motion directed at Willkie is viable, and we think that it should be withdrawn. We would welcome the opportunity to discuss these issues in the very near term if you are so inclined. Absent a prompt resolution, we intend to raise these issues with the Court in the coming days.

Regards,

Lee

**Lee Wolosky**
**Willkie Farr & Gallagher LLP**

**New York**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 3098 | Fax: +1 212 728 8111

**Washington**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: + 1 202 303 1198 | Fax: + 1 202 303 2000
LWolosky@willkie.com | vCard | www.willkie.com bio

---

**From:** Bowker, David <David.Bowker@wilmerhale.com>
**Sent:** Wednesday, August 19, 2026 7:24 PM
**To:** Wolosky, Lee <LWolosky@willkie.com>
**Subject:** RE: Matt Olsen Conflict Questions

***** EXTERNAL EMAIL *****

Hi, Lee,

I hope all is well and that despite the busy work schedule you've managed to get away with family this summer.

This responds to your note of last Friday regarding our (now former) colleague Matt Olsen. Since I last addressed this issue, Matt has departed the firm to take an inhouse job. While he was here, he never had any involvement in our representation of Lafarge in these matters. Nor did he provide or receive any confidential information relating to our representation of Lafarge. Moreover, the civil cases in which we now represent Lafarge are not the criminal prosecution matter that was resolved with DOJ in 2022.

Despite the lack of any conflict involving Matt, the firm implemented a screen out of an abundance of caution. We do not agree that the timing of the screen raises any issue under the applicable ethics rules, nor do we believe the questions in your email bear on the pending disqualification motion or otherwise provide a basis to challenge our firm's representation of Lafarge.

Hopefully, this note and our prior correspondence have addressed the relevant issues, but I'm happy to discuss further if you think a conversation would be helpful.

Best,
Dave

---

**From:** Wolosky, Lee <LWolosky@willkie.com>
**Sent:** Friday, August 14, 2026 6:26 PM
**To:** Bowker, David <David.Bowker@wilmerhale.com>
**Subject:** Re: Matt Olsen Conflict Questions

**EXTERNAL SENDER**

Dave,

Thanks for your email, and I apologize that travel has prevented me from responding sooner.

While we appreciate your response, we note that it is materially incomplete given that Mr. Olsen's screen in late January 2026 was not put in place in a timely manner, as required by the rules. To that end, we would appreciate a response to all of our questions, including but not limited to our questions as to the first day on which Wilmer received confidential information of Lafarge or Holcim; the date on which Wilmer's conflict checking system identified the conflict posed by Mr. Olsen's work on the Lafarge prosecution while at DOJ; and why Wilmer did not identify and address the conflict at the outset of the discussions with Lafarge that ultimately led to Wilmer's engagement.

Regards,

Lee

**Lee Wolosky**
**Willkie Farr & Gallagher LLP**

**New York**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 3098 | Fax: +1 212 728 8111

**Washington**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: + 1 202 303 1198 | Fax: + 1 202 303 2000
LWolosky@willkie.com | vCard | www.willkie.com bio

---

**From:** Bowker, David <David.Bowker@wilmerhale.com>
**Sent:** Friday, July 31, 2026 3:39 PM
**To:** Wolosky, Lee <LWolosky@willkie.com>
**Subject:** RE: Matt Olsen Conflict Questions

***** EXTERNAL EMAIL *****

Lee,

This responds to your July 29 note, below, regarding our WilmerHale colleague, Matt Olsen.

Your questions about Matt's involvement appear to reflect an incorrect assumption about his prior work, so let me start with that. The civil cases in which WilmerHale now represents Lafarge are not the same matter as the criminal prosecution that was resolved with DOJ in 2022, as would be required to trigger Rule 1.11 of the New York Rules of Professional Conduct.

In any event, Mr. Olsen has never had any involvement whatsoever in WilmerHale's representation of Lafarge. Mr. Olsen has not worked on these matters, has not advised the team regarding these matters, has not participated in any discussions concerning these matters, and has not provided or received any confidential information relating to these matters. Consistent with that fact, Mr. Olsen did not participate, directly or indirectly, in efforts to obtain the engagement, in any diligence or intake activities, in communications with Lafarge or Holcim regarding these matters, or in communications with members of the WilmerHale team concerning these matters.

Your letter also suggests that the timing of a formal screen gives rise to concerns regarding the firm's compliance with its ethical obligations. It does not. He has never had any involvement here, and the firm has implemented and maintained measures to screen him. And he receives no portion of any fees attributable to the Lafarge matters.

More broadly, we do not believe that the issues raised in your letter have any bearing on the pending disqualification motion or otherwise provide a basis to question our firm's representation of Defendants. Nevertheless, I'm available to discuss these issues if you believe a conversation would be productive.

Sincerely,

Dave

**David W. Bowker | WilmerHale**
2100 Pennsylvania Avenue NW
Washington, DC 20037 USA
+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Bowker, David
**Sent:** Thursday, July 30, 2026 9:32 AM
**To:** 'Wolosky, Lee' <LWolosky@willkie.com>
**Subject:** RE: Matt Olsen Conflict Questions

Hi, Lee, I hope you're well. This is just a quick note to let you know that we'll respond asap. Best, Dave

---

**From:** Wolosky, Lee <LWolosky@willkie.com>
**Sent:** Wednesday, July 29, 2026 10:08 PM
**To:** Bowker, David <David.Bowker@wilmerhale.com>
**Subject:** Matt Olsen Conflict Questions

**EXTERNAL SENDER**

David,

We were surprised to learn in your recent letter to the Court that Wilmer partner Matthew Olsen was not screened from the Lafarge cases until January 28, 2026, many weeks after your firm began engaging with and ultimately representing Lafarge in 2025, and a week after you raised potential conflict issues with our firm on January 22, 2026. The belatedness of this screen raises serious concerns about whether Wilmer has met its obligations under the NY Rules of Professional Conduct given Mr. Olsen's former position as Assistant Attorney General at the Department of Justice (DOJ), where he oversaw the investigation and criminal prosecution of Lafarge.

In light of the risks inherent in Wilmer's continued representation of Defendants, please confirm what measures you have taken concerning these conflicts and when they were put in place, including by responding to each of the following questions:

- Did Mr. Olsen participate directly or indirectly in Wilmer's efforts to be engaged by Lafarge?
- Did Mr. Olsen participate directly or indirectly in any diligence or intake concerning the matter, including by pitching the client, approving the matter or communicating orally or in writing with Wilmer personnel who did engage directly in such activities?
- Did Mr. Olsen have contact with Lafarge or Holcim or their agents or representatives, directly or indirectly, after he left DOJ and prior to Lafarge's engagement of Wilmer?
- Has Mr. Olsen ever had any oral or written communications about Lafarge with members of the Wilmer team that successfully pitched, and/or the Wilmer team that is now defending, Lafarge?
- When did Wilmer notify the appropriate lawyers and non-lawyers at the firm that Mr. Olsen had been screened from participation in Wilmer's representation of Lafarge in these cases? Please identify the lawyers and non-lawyers who received this notice. If the notice was not distributed firm-wide, how did Wilmer decide which lawyers and non-lawyers to include?
- Given that Mr. Olsen was not screened until many weeks after Wilmer's engagement by Lafarge, what finally prompted Wilmer to screen Mr. Olsen?
- When did Wilmer give written notice to the DOJ to enable it to ascertain Wilmer's compliance with its ethical obligations relating to the firm's representation of Lafarge notwithstanding Mr. Olsen's oversight of the Lafarge prosecution while at DOJ? If Wilmer never gave written notice to the DOJ, please state so.
- What steps has Wilmer taken to ensure that Mr. Olsen has been apportioned no part of the firm's fees from its representation of Lafarge in these cases?
- What was the first day on which Wilmer received confidential information of Lafarge or Holcim relating to these cases?

- On what date did Wilmer's conflict checking system identify the conflict posed by Mr. Olsen's work on the Lafarge prosecution while at DOJ? Why did it not identify the conflict at the outset of the discussions with Lafarge that ultimately led to Wilmer's engagement?
- In your letter to Sparacino on July 24, you confirmed that "none of the individuals," including Mr. Olsen, "has ever done any work on the *Foley* or *Stallter* actions." How did you arrive at this conclusion? What do you mean by "done any work" on the actions?
  - Other than emails implementing the screen, has Mr. Olsen ever sent or received any emails with the words "Lafarge" or "Holcim" in them?

Given the seriousness of this matter, we ask that you please respond by no later than 5pm ET this Friday, July 31st. If you would like to discuss these matters, please give me a call.

Sincerely,
Lee

**Lee Wolosky**
**Willkie Farr & Gallagher LLP**

**New York**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 3098 | Fax: +1 212 728 8111

**Washington**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: + 1 202 303 1198 | Fax: + 1 202 303 2000
LWolosky@willkie.com | vCard | www.willkie.com bio

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.