WILMERHALE

August 31, 2026

**David W. Bowker**

+1 202 663 6558 (t)
+1 202 663 6363 (f)
david.bowker@wilmerhale.com

**By ECF**

The Honorable Nicholas G. Garaufis
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Finan et al. v. Lafarge S.A. et al.*, No. 22-cv-07831 (E.D.N.Y.)**
**Response to Willkie Farr & Gallagher LLP's August 31, 2026 Letter**

Dear Judge Garaufis:

On behalf of Defendants, we respond to Willkie Farr & Gallagher LLP's letter, filed this same day, seeking a pre-motion conference on a proposed motion to disqualify WilmerHale. ECF No. 210. The proposed motion does not warrant briefing. Willkie identifies no colorable basis for disqualification and instead recycles two non-issues that it raised in its July 24 letter and that Defendants answered in their July 27 response, both of which are already before Your Honor. *See* ECF Nos. 194, 196. Willkie's letter appears calculated to divert attention from Defendants' fully briefed motion to disqualify Willkie for its own ongoing and serious conflict of interest. *See* ECF Nos. 165, 166, 198.

As a threshold matter, Willkie directed its letter to Judge Kuo while acknowledging that it may have "misdirected" the request. ECF No. 210 at 1 n.1. It did. Because Willkie's proposed motion concerns issues and proceedings already before Your Honor, Defendants address this response to Your Honor, with a copy to Judge Kuo. Willkie's latest letter lacks merit for the reasons below.

As Defendants already explained, the Foley issue is no basis for disqualification. More than a decade ago, two WilmerHale lawyers provided Diane and John Foley approximately twenty hours of pro bono advice concerning U.S. sanctions issues related to the family's independent efforts to secure their son's release from captivity. ECF No. 196 at 1; ECF No. 196-1. That limited engagement ended in May 2014, did not involve Lafarge, and had nothing to do with these actions filed in 2022. One lawyer who advised the Foleys left the firm nearly ten years ago; the other is near retirement and has had no involvement in these actions. Willkie identifies no confidential information WilmerHale obtained, much less any information bearing on these cases. Nor can Willkie raise the issue on the Foleys' behalf: the Foleys are not parties to any action in which Willkie appears, and Willkie neither represents nor speaks for them. Willkie has raised this issue before, Defendants have answered it, and nothing in Willkie's latest letter justifies revisiting it.

The Matthew Olsen issue also is no basis for disqualification. Mr. Olsen's involvement in the government's prosecution of Lafarge ended with the plea agreement nearly four years ago. At WilmerHale, he never worked on these actions, never advised the team, never participated in any discussions about them, and never provided or received confidential information relating to them—facts confirmed by Willkie's own exhibit and nowhere disputed in its letter, ECF No. 210-1 at 8. Nor do the restrictions of New York Rule of Professional Conduct 1.11 apply: the criminal prosecution resolved in 2022 is not the same "matter" as these private civil damages actions, brought by different parties seeking different relief. WilmerHale nevertheless formally screened Mr. Olsen in January 2026, while the firm was standing up the matter, and he received no portion of any attributable fees. ECF No. 210-1 at 8; ECF No. 196-1 at 2. Tellingly, Willkie identifies no prejudice, misuse of confidential information, or threat to the integrity of these proceedings. Moreover, Mr. Olsen has since left the firm, mooting even Willkie's theoretical concern.

By contrast, Willkie's own conflict—the conflict from which it seeks to distract with this letter request—is deep, serious, and incurable. Willkie has represented Bruno Lafont, Lafarge's former CEO and Chairman, for roughly a decade—and continues to do so—in French proceedings arising from the same underlying events, taking the position that Mr. Lafont is innocent. Here, Willkie takes precisely the opposite position on behalf of nearly 1,000 plaintiffs whose pleadings accuse Mr. Lafont of being the principal co-conspirator with ISIS and one of the individuals responsible for the misconduct that forms the basis of plaintiffs' case. ECF No. 196 at 2-3. The same firm is thus advancing irreconcilable positions about the same person and events in concurrent proceedings. And that is not all; if Willkie were to prevail in these proceedings, its own client—Mr. Lafont—may have indemnification obligations to Lafarge. That conflict is not remote, historical, or theoretical; it necessarily and directly affects Willkie's strategic decisions, factual positions, and examination of witnesses concerning Mr. Lafont and the underlying events. And it may form the basis of appeals and other challenges to these proceedings.

Recent deposition testimony has made Willkie's conflict more serious still. In opposing disqualification, Willkie assured the Court that "[a]ll Plaintiffs have been informed of Willkie's representation of Mr. Lafont in France (and of Lafarge's motion), and no Plaintiff has objected." ECF No. 166 at 6; *see also id.* at 17. But Defendants have now deposed numerous Willkie clients and obtained sworn testimony establishing that some were not aware of the details of the conflict and had no recollection of consenting to it. *See, e.g.*, ECF No. 209-14 (Exhibit 20) at 98:1-99:11. That testimony undercuts the central factual premise of Willkie's opposition to the disqualification motion and calls into question the accuracy of its representations to Defendants and the Court. More fundamentally, the conflict is not waivable in any event: Willkie cannot cure a concurrent representation that requires it to defend Mr. Lafont as innocent in France while prosecuting claims here premised on his alleged culpability for the same conduct. The testimony confirms the risks Defendants identified from the outset: collateral challenges by Willkie's own clients, appeals from rulings obtained with conflicted counsel's participation, and demands that proceedings be revisited, with all the attendant taint, delay, and duplication. So long as Willkie continues both representations, its participation creates an ongoing risk to rulings, examinations, and settlements affected by the conflict. Willkie's allegations against WilmerHale present nothing remotely comparable.

Defendants will address these issues at any conference the Court schedules, but Willkie's proposed motion does not warrant briefing. Should the Court permit further submissions, Defendants respectfully reserve all rights and arguments.

Respectfully submitted,

*/s/ David W. Bowker*
David W. Bowker
Counsel for Defendants

cc: The Honorable Peggy Kuo
All counsel of record