**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARISS FINAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 22-cv-07831-NGG-PK |
| DIANE FOLEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 23-cv-05691-NGG-PK |
| JASON BLACK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 24-cv-08901-NGG-PK |
| SUSAN SHIRLEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 25-cv-04248-NGG-PK |

| | |
|---|---|
| NADIA MURAD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 23-cv-09186-NGG-PK |
| ESTATE OF AVRAHAM GOLDMAN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 24-cv-01043-NGG-PK |
| HELEN JANE WILSON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 25-cv-01975-NGG-PK |
| CHRISTINE STALLTER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 25-cv-06749-DLI-VMS |

| | |
|---|---|
| TAMARA FIELDS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 23-cv-00169-NGG-PK |

**ORDER GRANTING DEFENDANTS' MOTION FOR ISSUANCE OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE AND DIRECTION OF SUBMISSION OF HAGUE EVIDENCE CONVENTION APPLICATION**

The Court, having reviewed the Notice of Motion together with the Memorandum of Law and exhibits annexed thereto in support of Defendants' Motion for Issuance of Request for International Judicial Assistance and Direction of Submission of Hague Evidence Convention Application (the "Motion"), and finding it proper to issue a Request for International Judicial Assistance pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, 847 U.N.T.S. 231, 28 U.S.C. § 1781 (the "Hague Evidence Convention"),

THE COURT HEREBY ORDERS THAT:

1. The Motion is GRANTED, as amended by Court's directives to the parties on September 1, 2026, and September 23, 2026, and incorporated into the terms of this Order.

**<u>Chapter II Request</u>**

2. The Request for Commissioner under Chapter II of the Hague Evidence Convention attached as Exhibit A to the Memorandum of Law in support of the Motion is hereby issued as the Court's Request for Commissioner.

3. Consistent with this Court's January 2, 2026 Order in *Foley v. Lafarge et al.*, No.

1:23-cv-05691 (E.D.N.Y.), Dkt. 134, and pursuant to Article 17 of the Hague Evidence Convention, Mr. Alexander Blumrosen, whose address is Polaris Law, 4 avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, subject to the authorization of the French Ministère de la Justice (DEDIPE) and subject to the terms of the Request for Commissioner, as Commissioner to: avenue Hoche 75008 PARIS 75, France (the "Commissioner"), is hereby duly appointed, subject to the authorization of the French Ministère de la Justice (DEDIPE) and subject to the terms of the Request for Commissioner, as Commissioner to:

a. Facilitate testimony that Plaintiffs have sought through their Rule 30(b)(6) Notice in accordance with his appointment and duties thereunder; and

b. Upon completion, inform the French Ministère de la Justice.

4. This signed Order and the signed Request for Commissioner will be given to counsel for Defendants, who will file or will request the Commissioner to file both documents, along with French translations of both documents, with the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Département de l'entraide, du droit international privé et européen, 13, Place Vendôme, 75042 Paris Cedex 01, France.

5. This signed Order and the signed Request for Commissioner will be filed with the Ministère de la Justice within seven business days of their receipt.

6. The Confidentiality Order (*see, e.g.*, *Foley*, Dkt. 42-1), Order and Stipulation Amending the Confidentiality Order (*see, e.g.*, *Foley*, Dkt. 165), Stipulation and Order Establishing Deposition Protocol and Use of Discovery in Related Actions (*see, e.g.*, *Foley*, Dkt. 162), and the Order and Stipulation Regarding Electronic

Discovery Procedure (*see, e.g.*, *Foley*, Dkt. 121) shall apply to the Witness's testimony.

7. The deposition shall be conducted under the United States Federal Rules of Civil Procedure. Any disputes regarding the Witness's testimony shall be determined exclusively by this Court, including any dispute concerning testimony refused on the basis of an assertion of privilege. The Commissioner will adhere to any order issued by this Court relating to the deposition. The Commissioner shall not have any authority to resolve any disputes between the parties related to the deposition, to limit the testimony of the Witness, or to make any rulings or decisions regarding the permissibility of any questions at the deposition.

8. Neither this Order nor the terms of the Request for International Judicial Assistance shall constitute or operate as a waiver of any argument, position, objection, allegation, claim, or defense of Plaintiffs or Defendants in the above-captioned actions. All materials withheld, in whole or in part, on the basis of attorney-client privilege, the work-product doctrine, or any other applicable privilege shall be so identified on an appropriate log in accordance with Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated:
September 29, 2026
Brooklyn, New York

The Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York