WILMERHALE

May 15, 2026

**Alyson Zureick**

+1 212 937 7529 (t)
+1 212 230 8888 (f)
alyson.zureick@wilmerhale.com

**By E-mail**

Chase H. Robinett
KELLOGG, HANDSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, DC 20036

Re: Defendants' May 1, 2026 production in *Foley, et al. v. Lafarge S.A., et al.*, Case No. 1:23-cv-05691-NGG-PK (E.D.N.Y.)

Chase:

We write in response to your May 7 and May 8 letters concerning Defendants' May 1, 2026 production.

***DOJ PowerPoints.*** Defendants have investigated the issue raised by Plaintiffs concerning presentations made to or by the Department of Justice. In doing so, Defendants consulted with criminal counsel and obtained a copy of the presentation made in or around September 11, 2021 that is referenced in ATA-M00870083. That presentation will be produced in Defendants' upcoming production, which will also include three additional presentations made to the Department of Justice that were obtained from criminal counsel.

With respect to the June 2021 presentation referenced in ATA-M00871725, criminal counsel advised that the Department of Justice never provided them with a copy of that presentation. Defendants therefore do not have possession, custody, or control of that document.

***Cooperation/Joint-Defense Agreements.*** Defendants have investigated the indemnification agreement referenced in ATA-M00116488 and conducted searches for that document, which did not yield a copy within Defendants' files. In connection with that review, Defendants also conducted broader searches for any cooperation or joint-defense agreements involving any of the Relevant Employees. Through those efforts, Defendants identified a copy of an indemnification agreement for Eric Olsen, which will be included in Defendants' upcoming production. Defendants will continue to conduct reasonable searches for any other responsive materials.

***Personnel Files.*** Defendants disagree with Plaintiffs' assertion that Defendants' personnel-file production is "substantially incomplete." As Plaintiffs are aware, the parties agreed on both the individuals for whom personnel files would be produced and the categories of documents those files would include. That agreement defined the scope of Defendants' production obligations. Consistent with that agreement, Defendants worked with the client to

pull materials and conducted thorough, targeted searches for personnel files for the Relevant Employees and produced all responsive documents located through those efforts.

Defendants' May 1 production included personnel file documents for fourteen[1] of the fifteen individuals identified by Plaintiffs, as reflected by the Bates numbers corresponding to each produced document below:

| Employee | Documents Produced |
|---|---|
| Ahmad Jaloudi | ATA-M00872942, ATA-M00872945, ATA-M00872101, ATA-M00872103 |
| Amjad Bash | ATA-M00872880, ATA-M00872951, ATA-M00872297, ATA-M00872428, ATA-M00872157, ATA-M00872144 |
| Essam Taki Aldin | ATA-M00872886, ATA-M00872947, ATA-M00872645, ATA-M00872333 |
| Hala Fweity | ATA-M00872892, ATA-M00872949, ATA-M00872310, ATA-M00873018 |
| Hassan Al-Saleh | ATA-M00872920 |
| Jacob Waerness | ATA-M00872874 |
| Johnny Mouty | ATA-M00872410, ATA-M00872953 |
| Mamdouh Al Khaled | ATA-M00872929, ATA-M00872170, ATA-M00872286 |
| Mazen Sheikh Awad | ATA-M00872138, ATA-M00872965, ATA-M00872417 |
| Mohammad Zend (a/k/a Mhd AlHadid) | ATA-M00872898, ATA-M00872916, ATA-M00872406, ATA-M00872466 |
| Mohy Haridy | ATA-M00872868, ATA-M00872856, ATA-M00872922, ATA-M00872091, ATA- |

[1] With respect to Mohamed El-Ansary, Defendants' searches did not yield any responsive materials within Defendants' files.

| Employee | Documents Produced |
|---|---|
| | M00872440, ATA-M00872207, ATA-M00872299 |
| Nabil Sandook | ATA-M00872904, ATA-M00872260, ATA-M00873911, ATA-M00872184, ATA-M00872278 |
| Omar Hassan Sallat | ATA-M00877828, ATA-M00877826, ATA-M00877829, ATA-M00877827 |
| Thanaa Shabab | ATA-M00872910, ATA-M00872918, ATA-M00872394 |

At this time, Defendants are not aware of any additional responsive documents within their files. Should Defendants later identify additional responsive documents, they will produce them promptly, consistent with their discovery obligations.

***Missing Confidentiality Metadata.*** Defendants have investigated Plaintiffs' concern regarding the confidentiality metadata field in Defendants' recent productions. That review confirmed that, due to an inadvertent processing issue, the confidentiality metadata field was not populated in the eleventh production volume. All subsequent production volumes were produced with the confidentiality metadata field properly populated. Defendants will produce later today an overlay for the eleventh production volume that populates the confidentiality metadata field consistent with the "Attorneys' Eyes Only" designations reflected on the face of those documents. Should Plaintiffs continue to have any issue accessing the confidentiality metadata for other productions, please let us know.

***Privilege Log.*** Defendants cannot agree to the privilege log deadlines proposed in Plaintiffs' May 12 letter, which would require Defendants to divert resources from ongoing document review and production efforts. In the spirit of compromise, Defendants propose two interim measures that will expedite the production of Defendants' privilege assertions to Plaintiffs. First, although the ESI protocol contemplates logging redactions, doing so materially impedes Defendants' ability to proceed efficiently and would duplicate information that can be conveyed directly on the face of the documents. Accordingly, for documents produced with redactions, Defendants would apply redaction labels identifying the privilege asserted, thereby providing Plaintiffs with the same substantive information reflected in a privilege log without the unnecessary burden of separately logging each redaction. Please confirm that Plaintiffs agree to this alternative. Second, Defendants will produce a privilege log for substantially all of Guillaume Roux's privileged, responsive custodial documents by May 31, 2026, with additional

privilege logs to be provided every two weeks on a rolling basis thereafter. Please advise if Plaintiffs are amenable to this proposal, as well.

* * *

Defendants remain committed to fulfilling their discovery obligations in good faith. We are prepared to meet and confer on Monday, May 18 regarding any of the issues addressed in this letter. Please advise your availability.

Sincerely,

*/s/ Alyson Zureick*
Alyson Zureick
Counsel for Defendants

cc: All counsel of record