**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE FOLEY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | 23-cv-05691 (NGG) (PK) |
| JASON BLACK, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | 24-cv-08901 (NGG) (PK) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' SECOND SET OF MERITS INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Defendants Lafarge S.A. ("Lafarge"), Lafarge Cement Holding Limited ("Lafarge Cyprus"), and Lafarge Cement Syria S.A. ("LCS") (collectively, "Defendants"), by and through their undersigned attorneys, hereby respond and object to Plaintiffs' Second Set of Merits Interrogatories, dated December 23, 2025, (the "Interrogatories"), as set forth below.

## GENERAL OBJECTIONS, OBJECTIONS TO DEFINITIONS, AND OBJECTIONS TO INSTRUCTIONS

1. Defendants incorporate by reference their prior General Objections, Objections to Definitions, and Objections to Instructions set forth in their Responses and Objections to Plaintiffs' First Set of Merits Interrogatories, dated November 7, 2025.

2. Defendants object to the definition of "Affiliate" to the extent it includes all parent companies, subsidiaries, and "Related entities" of the Lafarge entities mentioned in Definition No. 13, without regard for whether such "Affiliates" have any connection to the claims and issues in this case. For purposes of responding to these Interrogatories, Defendants will interpret "Affiliate" to mean only those parent or subsidiary entities of Lafarge, Lafarge Cyprus, or LCS that are relevant to this case and implicated directly in a particular Interrogatory.

3. Defendants object to the definition of "Data" as vague and ambiguous and interpret it to mean "documents or electronically stored information" as defined in Federal Rule of Civil Procedure 34(a)(1)(A).

4. Defendants object to the definition of "Database" as vague and ambiguous and interpret it to refer to the repository of information currently maintained by Consilio.

5. Defendants object to the definition of "Financial Institution" as overly broad and unduly burdensome. Defendants will interpret "Financial Institution" to mean a bank.

6. Defendants object to the definition of "Litigation Hold" as vague and ambiguous and to the extent it encompasses directives to individuals or corporations that Defendants do not employ or control. Defendants further object to this definition to the extent it seeks information protected by the attorney-client privilege or the attorney work-product doctrine. Defendants interpret "Litigation Hold" to mean a written document, preservation notice, or other comparable instruction or mechanism issued or implemented at the direction of counsel to designated personnel

to ensure the retention and preservation of documents or data potentially relevant to an internal review, regulatory inquiry, anticipated legal proceeding, or other matter under counsel's review, within Defendants' possession, custody, or control.

7. Defendants object to the definition of "Personnel" to the extent it includes "contractors, consultants, Agents, or intermediaries" who Defendants do not employ or control. Defendants will interpret the term "Personnel" to mean "employees."

8. Defendants object to the definition of "Repositories" to the extent it includes "all data sources" without regard for whether Defendants maintain such sources in the ordinary course or whether those sources contain any data relevant to the claims and issues in this case. Defendants will interpret the term "Repositories" to mean email; computer storage devices (hard drives and USBs, including external hard drives); mobile devices or tablets; server data/cloud storage data; and hard-copy and centrally located materials including financial records.

9. Defendants object to the definition of "Relevant Time Period," and unless otherwise noted, any information Defendants disclose in response to the Interrogatories will be from and including January 1, 2016, through and including the present.

10. The responses and objections herein are based on Defendants' present knowledge, information, and belief. Defendants expressly reserve the right to revise, correct, amend, supplement, or clarify any response or objection as additional information becomes available, as discovery proceeds, or as required to correct inadvertent errors or omissions. Defendants further reserve all rights to rely on subsequently discovered facts, documents, or testimony, and nothing herein should be construed as a waiver of any applicable objection, privilege, or protection.

## SPECIFIC RESPONSES AND OBJECTIONS

**Interrogatory No. 21:**

**Describe in detail how the Database was created, including by identifying or describing:**

**a. All individuals whose custodial files were collected;**

**b. All Repositories from which Data were collected;**

**c. How the Repositories from which Data were collected were selected, and by whom;**

**d. The date(s) on which Data were collected from each Repository identified in subparts (a) and (b);**

**e. The identity of the person(s) who determined the process for searching for and collecting Data for the Database, and, if different, the identity of the person(s) who searched for and collected that Data and created the Database;**

**f. Any search terms, date ranges, or other limiters used in collecting Data from those Repositories; and**

**g. For any Data from the Repositories identified in subparts (a) and (b) that were not included in the Database due to search terms, date ranges, or other limitations, the reason(s) the Data were not included and whether the excluded Data were retained and remain in Your possession, custody, or control.**

**Response to Interrogatory No. 21:**

Defendants incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions above as if set forth in full herein. Defendants object to Interrogatory No. 21 as overly broad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it seeks a comprehensive account of Defendants' document collection efforts and the individuals involved therein over the course of nearly a decade. Defendants further object to this Interrogatory as improper "discovery on discovery." Defendants are "not required 'to disclose the manner in which documents are collected, reviewed and produced'" absent an "adequate factual basis" justifying inquiry into such "collateral" matters. *Haroun v.*

*ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (internal citations omitted). No adequate factual basis exists here, where Defendants have already provided a detailed account of their document collection and preservation efforts, *see, e.g.*, May 14, 2024 letter from John Piskora to counsel for Plaintiffs in *Fields*, *Foley*, and *Finan*, and Plaintiffs have not "identif[ied] any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff[s'] document requests." *Haroun*, 2020 WL 6828490*,* at *2. Defendants further object to Interrogatory No. 21 on the ground that it is improperly compound, comprising seven distinct "subparts" that "amount essentially to discrete questions in and of themselves," *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (internal citations omitted), and must be counted as separate interrogatories under Rule 33(a)(1). *See also Murakhovskaya v. Neos S.p.A.*, 2025 WL 45384, at *2 (E.D.N.Y. Jan. 8, 2025) (interrogatory subparts counted separately where one subpart is "unnecessary to the understanding of [the] second," even when subparts go to a "common theme"). Defendants further object because Interrogatory No. 21 seeks information related to the scope and methodology of Defendants' collection of data in connection with an internal investigation and in anticipation of litigation, which necessarily reflects counsel's mental impressions, legal judgments, and litigation strategy and is therefore protected by attorney-client privilege and the attorney work product doctrine. *See, e.g.*, *United States v. Dist. Council of New York City & Vicinity of United Bhd. of Carpenters & Joiners of Am.,* No. 1992 WL 208284, at *10 (S.D.N.Y. Aug. 18, 1992) ("How a party, its counsel and agents choose to prepare their case, the efforts they undertake, and the people they interview is not factual information to which an adversary is entitled.").

Notwithstanding these objections, and without waiver of any attorney-client privilege or attorney work product protections, Defendants provide the following response:

In 2016, Lafarge and its parent company, then known as LafargeHolcim Ltd., through the Finance and Audit Committee of the Board of Directors, initiated an investigation in response to then-recent reports of alleged payments by Lafarge S.A. and Lafarge Cement Syria S.A. through intermediaries to foreign terrorist organizations ("FTOs") in Syria. The global law firm of Baker & McKenzie LLP ("Baker McKenzie") was engaged to be primarily responsible for carrying out the independent investigation and was given broad investigative authority. Shortly thereafter, LafargeHolcim's IT department, under the direction of legal counsel, took steps to preserve documents, and Baker McKenzie initiated a process to interview custodians and collect their data for purposes of the internal investigation. PricewaterhouseCoopers ("PwC") was engaged by Baker McKenzie to provide data collection and processing services in connection with the internal investigation.

Defendants later retained the law firms Loeb & Loeb LLP and Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden") (together, "Prior Counsel") in connection with this litigation. Data collected for the purposes of the internal investigation was transferred from PwC to Consilio, a legal technology company, which remains the current manager of the Database. Prior Counsel for Defendants directed and oversaw an additional document collection process through Lafarge's parent company—now known as Holcim, Ltd.—and its IT personnel during jurisdictional discovery in *Finan v. Lafarge S.A.*, Case No. 22-cv-07831 (NGG) (PK), *Foley v. Lafarge S.A.*, Case No. 23-cv-05691 (NGG) (PK), and *Fields v. Lafarge S.A.*, Case No. 23-cv-00169 (NGG) (PK). Documents collected during jurisdictional discovery were added to the Database.

**(a) All individuals whose custodial files were collected**

Baker McKenzie identified the following individual custodians, whose data was collected by PwC at the direction of Baker McKenzie primarily between July and November 2016:

| **Custodian** | **Data Type** |
|---|---|
| Abbas, Ahmad | • Google Email/Drive Data |
| Addoumieh, George | • Google Email/Drive Data |
| Adrian, Horia | • PC<br>• Hard Copies<br>• Google Email/Drive Data |
| Al Akkad, Safwan | • Google Email/Drive Data |
| Al Khaled, Mamdouh | • PC<br>• Google Email/Drive Data |
| Al Saleh, Hassan | • Google Email/Drive Data |
| Al Salloum, Samer | • Google Email/Drive Data |
| Aldin, Essam Taki | • Google Email/Drive Data |
| Alghanom, Najm | • Google Email/Drive Data |
| Artinian, Sonia | • Google Email/Drive Data<br>• Domino Email |
| Awad, Mazen Shiekh | • PC<br>• Mobile Phone<br>• Google Email/Drive Data |
| Bash, Amjad | • Google Email/Drive Data |
| Bazin, Valerie | • Hard Copies<br>• Google Email/Drive Data<br>• Domino Email |
| Billet, Stephanie | • Google Email/Drive Data<br>• Domino Email |
| Block, Jean Claude | • PC<br>• Hard Copies<br>• Google Email/Drive Data |
| Boissel, Dombreval Hugues | • Hard Copies<br>• Google Email/Drive Data<br>• Domino Email |

| Custodian | Data Type |
|---|---|
| Burnieh, Amjad | • Google Email/Drive Data |
| Callebat, Luc | • Google Email/Drive Data |
| Chungunco, Bi Yong | • PC<br>• Google Email/Drive Data<br>• Domino Email |
| Curtis, Neil | • PC<br>• Miscellaneous Files<br>• Google Email/Drive Data<br>• Domino Email |
| Daghestani, Ahmed | • Google Email/Drive Data |
| Fourmond, Eliane | • PC<br>• Google Email/Drive Data<br>• Domino Email |
| Fweity, Hala | • Google Email/Drive Data |
| Gauthier, Jean Jacques | • PC<br>• Google Email/Drive Data<br>• Domino Email |
| Haridy, Mohy | • Google Email/Drive Data |
| Herrault, Christian | • Google Email/Drive Data<br>• Domino Email |
| Jaloudi, Ahmad | • PC<br>• Mobile Phone<br>• Google Email/Drive Data |
| Jolibois, Frederic | • PC<br>• Mobile Phone<br>• Tablet<br>• Google Email/Drive Data |
| Kasem, Basel | • PC<br>• Google Email/Drive Data |
| Khodara, Jean Jerome | • Google Email/Drive Data<br>• Domino Email |
| Kuperfarb, Gerard | • Two PCs<br>• External Hard Drive<br>• Google Email/Drive Data<br>• Domino Email |

| Custodian | Data Type |
|---|---|
| Lafont, Bruno | • PC<br>• Miscellaneous Files<br>• Google Email/Drive Data<br>• Domino Email |
| Malas, Fawzan | • Google Email/Drive Data |
| Mirakoff, Valery | • Mobile Phone<br>• PC<br>• USB Key<br>• Google Email/Drive Data |
| Mistrih, Hana | • Google Email/Drive Data |
| Mohammad, Hasan | • Google Email/Drive Data |
| Mouty, Johnny | • PC<br>• Google Email/Drive Data |
| Nabi, Mohammed | • Google Email/Drive Data |
| Nada, Hassan | • Google Email/Drive Data |
| Nassar, Ahmed | • Google Email/Drive Data |
| Nercessian, Talin | • Google Email/Drive Data |
| Olsen, Eric | • Two PCs<br>• Google Email/Drive Data<br>• Domino Email |
| Pars, Atilla | • Google Email/Drive Data |
| Pescheux, Bruno | • PC<br>• Google Email/Drive Data |
| Rocca, Alexandra | • Google Email/Drive Data<br>• Domino Email |
| Roux, Guillaume | • Google Email/Drive Data<br>• Domino Email |
| Safraou, Nermine | • Two PCs<br>• External Hard Drive<br>• iPad<br>• Hard Copies Collected in Zurich and Paris<br>• Google Email/Drive Data<br>• Domino Email |
| Saleem, Mustafa | • Google Email/Drive Data |

| Custodian | Data Type |
|---|---|
| Sandook, Nabil | • PC<br>• Google Email/Drive Data |
| Sebbar, Saad | • PC<br>• Google Email/Drive Data |
| Seguin, Helene | • PC<br>• Hard Copies<br>• Google Email/Drive Data<br>• Domino Email |
| Shabab, Thanaa | • Google Email/Drive Data |
| Shaheen, Malik | • Google Email/Drive Data |
| Shams, Hassan | • Google Email/Drive Data |
| Suleiman, Ali | • PC<br>• Mobile Phone<br>• Google Email/Drive Data |
| Trochon, Jean Yves | • Google Email/Drive Data<br>• Domino Email |
| Vaniet, Nicolas | • Google Email/Drive Data<br>• Domino Email |
| Veillard, Jean-Claude | • PC<br>• Hard Copies<br>• Google Email/Drive Data<br>• Domino Email |
| Waerness, Jacob | • Google Email/Drive Data |
| Zend, Mohammad | • Google Email/Drive Data |

In addition to the individual custodians, the Database also includes a custodial file labeled "Global," which includes financial records from the files of Defendants.

Decisions regarding the types of data to be collected for each custodian were based on information provided during custodial interviews conducted by counsel. Further information related to the scope and methodology of Defendants' data collection, which was done in connection with an internal investigation and anticipation of litigation, necessarily reflects

counsel's mental impressions, legal judgments, and litigation strategy and is therefore protected by attorney-client privilege and the attorney work product doctrine.

After data was collected from these sources, PwC (at the direction of Baker McKenzie) conducted standard data processing. The data sources that were subjected to processing were:

| Custodian | Data Type |
|---|---|
| Abbas, Ahmad | • Google Email/Drive Data |
| Addoumieh, George | • Google Email/Drive Data |
| Adrian, Horia | • Google Email/Drive Data |
| Al Akkad, Safwan | • Google Email/Drive Data |
| Al Khaled, Mamdouh | • Google Email/Drive Data |
| Al Saleh, Hassan | • Google Email/Drive Data |
| Al Salloum, Samer | • Google Email/Drive Data |
| Aldin Essam, Taki | • Google Email/Drive Data |
| Alghanom, Najm | • Google Email/Drive Data |
| Artinian, Sonia | • Google Email/Drive Data<br>• Domino Email |
| Awad, Mazen Shiekh | • PC<br>• Google Email/Drive Data |
| Bash, Amjad | • Google Email/Drive Data |
| Bazin, Valerie | • Google Email/Drive Data<br>• Domino Email |
| Billet, Stephanie | • Google Email/Drive Data<br>• Domino Email |
| Block, Jean Claude | • Google Email/Drive Data |
| Boissel, Dombreval Hugues | • Google Email/Drive Data<br>• Domingo Email |
| Burnieh, Amjad | • Google Email/Drive Data |
| Callebat, Luc | • Google Email/Drive Data |

| **Custodian** | **Data Type** |
|---|---|
| Chungunco, Bi Yong | • Google Email/Drive Data<br>• Domino Email |
| Curtis, Neil | • Miscellaneous Files<br>• Google Email/Drive Data<br>• Domino Email |
| Daghestani, Ahmed | • Google Email/Drive Data |
| Fourmond, Eliane | • Google Email/Drive Data<br>• Domino Email |
| Fweity, Hala | • Google Email/Drive Data |
| Gauthier, Jean Jacques | • Google Email/Drive Data<br>• Domino Email |
| Haridy, Mohy | • Google Email/Drive Data |
| Herrault, Christian | • Google Email/Drive Data<br>• Domino Email |
| Jaloudi, Ahmad | • PC<br>• Google Email/Drive Data |
| Jolibois, Frederic | • PC<br>• Google Email/Drive Data |
| Kasem, Basel | • Google Email/Drive Data |
| Khodara, Jean Jerome | • Google Email/Drive Data<br>• Domino Email |
| Kuperfarb, Gerard | • Google Email/Drive Data<br>• Domino Email |
| Lafont, Bruno | • PC<br>• Google Email/Drive Data<br>• Domino Email |
| Malas, Fawzan | • Google Email/Drive Data |
| Mirakoff, Valery | • Google Email/Drive Data |
| Mistrih, Hana | • Google Email/Drive Data |
| Mohammad, Hasan | • Google Email/Drive Data |
| Mouty, Johnny | • Google Email/Drive Data |
| Nabi, Mohammed | • Google Email/Drive Data |
| Nada, Hassan | • Google Email/Drive Data |

| **Custodian** | **Data Type** |
|---|---|
| Nassar, Ahmed | • Google Email/Drive Data |
| Nercessian, Talin | • Google Email/Drive Data |
| Olsen, Eric | • Two PCs<br>• Google Email/Drive Data<br>• Domino Email |
| Pars, Atilla | • Google Email/Drive Data |
| Pescheux, Bruno | • PC<br>• Google Email/Drive Data |
| Rocca, Alexandra | • Google Email/Drive Data<br>• Domino Email |
| Roux, Guillaume | • Google Email/Drive Data<br>• Domino Email |
| Safraou, Nermine | • Two PCs<br>• Hard Copies Collected in Paris<br>• Google Email/Drive Data<br>• Domino Email |
| Saleem, Mustafa | • Google Email/Drive Data |
| Sandook, Nabil | • Google Email/Drive Data |
| Sebbar, Saad | • Google Email/Drive Data |
| Seguin, Helene | • PC<br>• Hard Copies<br>• Google Email/Drive Data<br>• Domino Email |
| Shabab, Thanaa | • Google Email/Drive Data |
| Shaheen, Malik | • Google Email/Drive Data |
| Shams, Hassan | • Google Email/Drive Data |
| Suleiman, Ali | • Google Email/Drive Data |
| Trochon, Jean Yves | • Google Email/Drive Data<br>• Domino Email |
| Vaniet, Nicolas | • Google Email/Drive Data<br>• Domino Email |
| Veillard, Jean-Claude | • PC<br>• Hard Copies<br>• Google Email/Drive Data |

| Custodian | Data Type |
|---|---|
| | • Domino Email |
| Waerness, Jacob | • Google Email/Drive Data |
| Zend, Mohammad | • Google Email/Drive Data |

Additionally, during the course of litigation in these cases, Defendants' Prior Counsel identified the following additional individuals whose custodial files were collected by Holcim at the direction of counsel and sent to Consilio for processing between April 2024 and June 2024:

| Custodian | Data Type |
|---|---|
| Benattar, Richard | • Google Email/Drive Data |
| Delfosse, Christophe | • Google Email/Drive Data |
| El Ansary, Mohamed | • Google Email |
| Khayer, Ammar | • Google Email |
| Moller, Howard | • Google Email/Drive Data |
| Vaisoul, Narkice | • Google Email |

**(b) All Repositories from which Data were collected**

The selection of specific data sources, including the criteria, analysis, and deliberations underlying those decisions, is protected by the attorney-client privilege and the attorney work-product doctrine because it reflects counsel's legal judgments and mental impressions. Defendants do not waive those protections by identifying, in response to this Interrogatory, the following repositories from which data was collected at the direction of counsel:

- Google email services;
- Domino servers;
- Google Drives;
- Lafarge S.A. server;

- External backups of the LCS server;
- Images of hard drives;
- Data from other devices, including desktop and laptop computers, tablets, USB drives, external hard drives, and mobile devices;
- Underlying data used in LCS's JD Edwards Enterprise One system;
- Hard copy documents;
- Financial records.

**(c) How the Repositories from which Data were collected were selected, and by whom**

The selection of specific data sources, including the criteria, analysis, and deliberations underlying those decisions, is protected by the attorney-client privilege and the attorney work-product doctrine because it reflects counsel's legal judgments and mental impressions, and Defendants object to this Interrogatory to the extent it calls for information subject to those protections. Defendants do not waive those protections by identifying, in response to this Interrogatory, the following information: Defendants state that the selection of sources from which data was collected was determined by counsel through custodial interviews and other investigative steps and, as reflected by the scope of materials collected described above, the scope of data collection during the course of Baker McKenzie's investigation was intended to be broad. Decisions regarding the selection of additional repositories during subsequent collection efforts undertaken by Prior Counsel during jurisdictional discovery likewise reflected counsel's legal judgment.

**(d) The date(s) on which Data were collected from each Repository identified in subparts (a) and (b)**

As described in part (a), collection efforts occurred primarily in 2016, with additional collection efforts taking place in 2018, 2020, and 2024.

**(e) The identity of the person(s) who determined the process for searching for and collecting Data for the Database, and, if different, the identity of the person(s) who searched for and collected that Data and created the Database**

The process of searching for and collecting data in 2016 was determined and overseen by a team of attorneys and other professionals from Baker McKenzie, led by attorney Ryan Fayhee. Technical and operational assistance was provided by consultants from PwC. Additional search and collection efforts were undertaken during the course of litigation in these cases by Prior Counsel with assistance from Consilio and IT professionals from Holcim. Defendants are not providing, and do not maintain in the ordinary course, a consolidated roster of every individual who may have supported these counsel-directed tasks.

**(f) Any search terms, date ranges, or other limiters used in collecting Data from those Repositories**

Defendants are not aware of date ranges, search terms, and other limiters that were used in collecting data from the identified custodians.

**(g) For any Data from the Repositories identified in subparts (a) and (b) that were not included in the Database due to search terms, date ranges, or other limitations, the reason(s) the Data were not included and whether the excluded Data were retained and remain in Your possession, custody, or control.**

To the best of Defendants' knowledge, all data collected as described above was transferred to Consilio at the direction of counsel and is included in the Database.

**Interrogatory No. 22:**

**State whether all the Data originally collected in the Database has been retained and remains in Your possession, custody, or control. For any such Data that has not been retained or does not remain in Your possession, custody, or control, explain why.**

**Response to Interrogatory No. 22:**

Defendants incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions above as if set forth in full herein. Defendants object to Interrogatory No. 22 as unduly burdensome and improper insofar as it effectively asks Defendants to "prove a

negative": *i.e.*, that no single piece of data originally collected has been lost or otherwise does not remain in Defendants' possession, custody, or control. *See Donald William Fairbanks Architect, P.C. v. Fairfield Cnty. Contractors LLC*, 2014 WL 7271933, *4 (D. Conn. Dec. 18, 2014) (not requiring further answers to Interrogatories that ask defendant to "prove a negative"). Defendants further object to this Interrogatory as improper "discovery on discovery." Defendants are "not required 'to disclose the manner in which documents are collected, reviewed and produced'" absent an "adequate factual basis" justifying inquiry into such "collateral" matters. *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (internal citations omitted). No adequate factual basis exists here, where Defendants have already provided a detailed account of their document collection and preservation efforts, *see, e.g.*, May 14, 2024 Letter from John Piskora to Counsel for Plaintiffs in *Fields*, *Foley*, and *Finan*, and Plaintiffs have not "identif[ied] any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff[s'] document requests." *Haroun*, 2020 WL 6828490, at *2. Defendants further object because decisions made by counsel concerning the collection and preservation of data in connection with an internal investigation and in anticipation of litigation necessarily reflect counsel's mental impressions, legal judgments, and litigation strategy and is therefore protected by attorney-client privilege and the attorney work product doctrine. Additionally, Defendants object to this Interrogatory's use of the term "originally collected," which is not defined and unclear in its meaning.

Notwithstanding these objections, and without waiver of any attorney-client privilege or attorney work product protections, Defendants state the following:

Based on the information presently available to Defendants, the data previously collected and described in response to Interrogatory No. 21 exists in the Database currently maintained by Consilio. To the extent collected data was transferred to a new platform, as described in response to Interrogatory No. 21, Defendants and their counsel implemented protocols designed to ensure that no data was deleted or lost.

**Interrogatory No. 23:**

**For any Litigation Hold You issued with respect to potential litigation arising from Your direct or indirect payments to terrorists or armed groups in Syria, or any other acts or conduct You pleaded guilty to in the Statement of Facts, identify:**

a. **The date(s) on which You issued any Litigation Hold(s) and the person(s) who authorized and issued each such Litigation Hold;**

b. **All recipients of each Litigation Hold, including for each recipient: full name, job title/role, department, last-known contact information, the date and method of transmission (e.g., email, portal, in-person), and whether and when acknowledgment was received;**

c. **For each Repository preserved pursuant to a Litigation Hold, the start and end dates of preservation, and any exclusions or exceptions; and**

d. **For any subsequent re-issuance, update, reminder, expansion, narrowing, or release of any Litigation Hold, the date, nature of the change, affected recipients and Repositories, and reason(s) for the change.**

**Response to Interrogatory No. 23:**

Defendants incorporate by reference the General Objections, Objections to Definitions, and Objections to Instructions above as if set forth in full herein. Defendants object to Interrogatory No. 23 as overly broad, unduly burdensome, and not proportional to the needs of the case. Defendants further object to this Interrogatory on the ground that it is improperly compound, comprising four distinct "subparts" that "amount essentially to discrete questions in and of themselves," *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (internal citations omitted), and must be counted as separate

interrogatories under Rule 33(a)(1). *See also Murakhovskaya v. Neos S.p.A.,* 2025 WL 45384, at *2 (E.D.N.Y. Jan. 8, 2025) (interrogatory subparts counted separately where one subpart is "unnecessary to the understanding of [the] second," even when subparts go to a "common theme"). Defendants further object to this Interrogatory as improper "discovery on discovery." Defendants are "not required 'to disclose the manner in which documents are collected, reviewed and produced'" absent an "adequate factual basis" justifying inquiry into such "collateral" matters. *Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *1 (S.D.N.Y. Oct. 7, 2020) (internal citations omitted). No adequate factual basis exists here, where Defendants have already provided a detailed account of their document collection and preservation efforts, *see, e.g.*, May 14, 2024 Letter from John Piskora to Counsel for Plaintiffs in *Fields*, *Foley*, and *Finan*, and Plaintiffs have not "identif[ied] any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff[s'] document requests." *Haroun*, 2020 WL 6828490, at *2. Defendants also object to this Interrogatory's reference to "terrorists or armed groups in Syria" as vague and, to the extent it refers to groups other than ISIS or the Al Nusra Front, irrelevant to the issues in the case. Defendants further object because this Interrogatory seeks disclosure of personal data subject to the EU General Data Protection Regulation ("GDPR"), and production would constitute processing and international transfer of personal data without a showing of necessity or proportionality. Defendants additionally object because Interrogatory No. 23 seeks information protected by attorney-client privilege and the attorney work product doctrine related to counsel's selection of and communications with document custodians in anticipation of litigation. *See Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *19 (S.D.N.Y. Mar. 19, 2019) (litigation hold notice,

including the "selected distributees" who received it, protected by attorney-client privilege and attorney work product doctrine).

Notwithstanding these objections, and without waiver of any attorney-client privilege or attorney work product protections, Defendants provide the following responses:

Beginning in May 2016, LafargeHolcim's (now, Holcim) IT department took steps to preserve documents, and Baker McKenzie initiated a process to collect data for purposes of the above-described internal investigation. On June 2, 2016, LafargeHolcim Group General Counsel and Chief Compliance Officer Xavier Dedullen sent litigation hold notices to potentially relevant LafargeHolcim employees, as determined by counsel. Additional notices were circulated to other potentially relevant employees, as determined by counsel, in the succeeding months. By June 2, 2016, LafargeHolcim IT reported that all email data from the legacy Lafarge S.A. environment and all active LafargeHolcim email accounts for current and former LCS employees (as well as other specific employees of interest to the investigation) were secured. Prior Counsel issued updated hold notices in French and English in early 2023. Those notices were distributed to (i) custodians from the 2016 investigation who remained employed by Lafarge S.A., (ii) Lafarge S.A.'s board of directors, and (iii) Lafarge S.A.'s chief IT personnel. Notices were also distributed to individuals involved in prior relevant investigative work.

Dated: January 29, 2026

By: /s/ *David W. Bowker*
David W. Bowker
Jonathan E. Paikin
Albinas Prizgintas
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037

Tel: (202) 633-6000
Fax: (202) 633-6363
david.bowker @wilmerhale.com
jonathan.paikin@wilmerhale.com
albinas.prizgintas@wilmerhale.com

Alyson Zureick
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 937-7529
Fax: (212) 230-8888
alyson.zureick@wilmerhale.com

*Counsel for Defendants*

## VERIFICATION

I, Isabelle Andre, declare under penalty of perjury that the following statements are true:

1. I am authorized representative of Lafarge S.A. ("Lafarge"), and I am duly authorized to make this verification on behalf of Lafarge and its indirect subsidiaries, Lafarge Cement Holding Limited ("Lafarge Cyprus"), and Lafarge Cement Syria S.A. ("LCS") (collectively, "Defendants"), as LCS is a dormant company having no current operations, legal representatives, officers or directors.

2. I have read Defendants' Responses and Objections to Plaintiffs' Second Set of Merits Interrogatories dated December 23, 2025. These Responses and Objections were prepared with the assistance and advice of counsel and based on the information currently available to Defendants and their counsel. Defendants reserve the right to make any changes to the Responses and Objections if it appears at any time that omissions, errors or both have been made or that more accurate information becomes available. As of the date below and based on the information currently available, Defendants believe that, as to the factual matters contained therein, the Responses and Objections are true and correct.

Executed on January 29th , 2026 in Paris, France

Signé par :
Isabelle André
813FF4762FF4410...

Isabelle Andre
Authorized representative
Lafarge S.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, I caused a true and correct copy of the foregoing DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF MERITS INTERROGATORIES to be served by email upon the following recipients:

Joshua D. Branson
Andrew E. Goldsmith
Christopher C. Goodnow
James A. Ruck
Chase H. Robinett
Eric J. Maier
Lillian V. Smith
Kellogg, Hansen, Todd, Figel &
Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Ryan R. Sparacino
Adam J. Goldstein
Matthew J. Fisher
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658

*Counsel for the Foley Plaintiffs*

Joshua D. Branson
Andrew E. Goldsmith
Kellogg, Hansen, Todd, Figel &
Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Matthew Jason Fisher
Sparacino PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606

Adam Goldstein
Sparacino PLLC
1920 L Street, NW Suite 835
Washington, DC 20036

*Counsel for the Black Plaintiffs*

Dated: January 29, 2026

*/s/ David W. Bowker*
DAVID W. BOWKER